IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHANDAR A. SNOW, | : | CIVIL ACTION NO. **3:CV-12-0882** |
| | : | |
| Petitioner | : | (Judge Caputo) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| B. A. BLEDSOE, WARDEN, | : | |
| | : | |
| Respondent | : | |

## REPORT AND RECOMMENDATION

### I. Procedural Background.

On May 11, 2012, Petitioner Chandar A. Snow, an inmate at USP-Lewisburg, Lewisburg, Pennsylvania, filed, *pro se*, a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241.  (Doc. 1). Petitioner also attached exhibits, Exs. 1-5,  to his 6-page handwritten habeas petition.   (Doc. 1).   Petitioner filed a Motion to proceed *in forma pauperis*.  (Doc. 2).  Further, Petitioner submitted his Affidavit in support of his habeas petition.  (Doc. 6).

Named as sole Respondent in this habeas petition is USP-Lewisburg Warden B. A. Bledose.[1] The habeas petition has not yet been served on Respondent for a response.

We now give preliminary consideration to the habeas petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts, 28 U.S.C. foll. § 2254 (applicable to § 2241 petitions under Rule 1(b)).  *See Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa.

---

[1]Petitioner named  the correct Respondent, Warden Bledsoe.  Since this action is a §2241 habeas petition, and since Petitioner is presently confined at USP-Lewisburg, the Warden at this prison is the proper Respondent.  *See* 28 U.S.C. § 2242 and § 2243.  *See Rivera v. Scism*, Civil No. 10-1773, M.D. Pa.  Petitioner correctly filed his habeas petition with this Court since he is incarcerated in the Middle District of Pennsylvania.  *See Rumsfeld v. Padilla*, 542 U.S. 426 (2004).

1979); *Romero v. Holt*, 2006 WL 3437360 (M.D. Pa.); *Winfield v. Martinez*, 2008 WL 4541945 (M.D. Pa.); *Francis v. U.S.* , 2009 WL 1010522 (M.D. Pa.); *Rivera v. Scism*, Civil No. 10-1773, M.D. Pa.[2] We find that the Court should dismiss Petitioner Chandar's §2241 habeas petition for lack of jurisdiction since we find that a §2255 motion is his remedy. *See Romero v. Holt*, 2007 3437360 (M.D. Pa. 11-29-06), affirmed 240 Fed. Appx. 934 (3d Cir. 2007).

While Petitioner's claims are difficult to comprehend, Petitioner appears to state that his concurrent federal sentences with assessment fees are illegal and violate double jeopardy. In his Affidavit, Petitioner states that he is actually and factually innocent of the drug charges and intentional killing charge he was convicted of in 1993 in the U.S. District Court for the Eastern District of Michigan. He states that he paid his $100 special assessment fee on September 17, 1994, and as such, his concurrent sentences are illegal. He states that his Pre Sentence Investigation Report ("PSI") contained incorrect information. He states that he is being illegally detained in prison based on false information relied upon by the BOP Designation Sentence and Computation Center ("DSCC") and that the DSCC has improperly computed him as having a life prison sentence with no parole. Petitioner also seems to claim that he has a constitutional right to have his claims adjudicated on the merits by the Court and that he is raising a petition to redress his grievances as guaranteed by the First Amendment. Further, Petitioner states that a motion under 28 U.S.C. §2255 is not adequate to test the legality of his confinement and that he has filed numerous §2255 motions since his 1993 conviction, but they were "blocked by the time limitation

---

[2]Rule 4 provides in relevant part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

restraint" of the AEDPA. Petitioner also states the federal appeals court has denied his numerous motions under §2244 seeking permission to file a second or successive §2255 motion.

We will recommend that the Court dismiss Petitioner Snow's §2241 habeas petition for lack of jurisdiction over his claims that he is actually innocent of conspiracy to distribute crack cocaine and the intentional killing of Kinzer Hicks since §2255 is an adequate remedy to raise his claims. *See Romero v. Holt*, 2007 3437360 (M.D. Pa. 11-29-06), affirmed 240 Fed. Appx. 934 (3d Cir. 2007).   We find that Petitioner must file a motion with the Sixth Circuit Court of Appeals for permission to file a successive §2255 motion to raise his instant claims.

## II.  Factual Background.

In *U.S. v. Snow*, 2009 311119 (E.D. Mich. 2-9-09), the U.S. District Court for the Eastern District of Michigan, *i.e.*, the sentencing court, stated the background of Petitioner Snow's criminal prosecution in the  Eastern District of Michigan as follows:

> Defendant Chandar Snow was sentenced on August 16, 1993, following a jury verdict of guilty as to two counts of the indictment [21 U.S.C. §846 and §848(e)(1)(a) conspiracy and possession of cocaine base (crack) with intent to distribute and, knowingly and intentionally causing the killing of Kinzer Hicks while engaged in conspiracy to distribute cocaine]. Defendant appealed on August 23, 1993, and the Sixth Circuit affirmed Defendant's conviction. Defendant then filed a motion for a new trial, which the court denied on September 4, 1996.  The Sixth Circuit rejected Defendant 's appeal of this court's order on this motion for a new trail.  Defendant next filed a motion pursuant to 28 U.S.C. §2255.  On December 3, 1999, the court granted the Government's motion to dismiss Defendant 's §2255 motion.  Defendant appealed the court's order of dismissal on December 17, 1999, and the Sixth Circuit declined to issue Defendant a certificate of appealability.   On April 27, 2004, Defendant filed another motion under §2255, which the court transferred to the Sixth Circuit on May 10, 2004.  The Sixth Circuit dismissed Defendant 's second habeas motion. On January 30, 2008, Defendant filed a "Petition for Redress of Grievance Under the First Amendment U.S[.] Constitution Article I for Constitutional Violations," which this court transferred to the Sixth Circuit on May 2, 2008 as a subsequent

motion for habeas relief under 28 U.S.C. §2255.  The Sixth Circuit dismissed Defendant's motion for lack of prosecution.  On October 3, 2008, Defendant filed motions seeking certain declarations as a matter of law and sought to have the court "show cause" and respond to his motion.  The court afforded Defendant a liberal reading, construed the motions as one seeking reconsideration, and denied the motions. Finally, Defendant filed the current motions, seeking (1) reconsideration of the denial of his motion for reconsideration, (2) a petition for redress of grievances, and (3) a request for judicial notice.

See also U.S. v. Snow, 2008 1931560 (E.D. Mich. 5-2-08);  U.S. v. Snow, 2008 5102465 (E.D. Mich. 12-1-08).

In U.S. v. Snow, 2009 311119 (E.D. Mich. 2-9-09), the U.S. District Court for the Eastern District of Michigan, denied Defendant Snow's motion for reconsideration.  The District Court for the Eastern District of Michigan found no legal basis for Defendant Snow's petition for redress of grievances and denied it.  The District Court for the Eastern District of Michigan denied Defendant Snow's request for judicial notice as moot.

As  mentioned, Petitioner Snow filed the instant §2241 habeas petition on May 11, 2012. (Doc. 1).  Petitioner is presently serving his life federal sentence at USP-Lewisburg.

We shall recommend that the Petitioner Snow's  §2241 habeas petition be dismissed for lack of jurisdiction since §2255 is Petitioner's remedy with respect to his instant claims.

**III.  Discussion.**

We find that Petitioner Snow essentially raises claims in his instant §2241 habeas petition that he previously raised in U.S. District Court for the Eastern District of Michigan and was unsuccessful.  As indicated, Snow's repetitive Petitions for Redress of Grievances which he filed in the U.S. District Court for the Eastern District of Michigan were construed as successive §2255 motions and

transferred to the Sixth Circuit Court of Appeals since Snow required permission from the Sixth Circuit to file such motions.  In his present §2241 habeas petition, Petitioner Snow seeks this Court to adjudicate the merits of his stated claims and he attempts to avoid the requirement for him to file a successive §2255 motion to raise his claims by requesting permission from the Sixth Circuit to file such a motion.   In any event, we find, as the District Court for the Eastern District of Michigan recently found,  that Petitioner Snow's recourse with respect to his present habeas claims is to file a motion with the Sixth Circuit, pursuant to §2244(b)(3), seeking permission to file a successive §2255 motion. We find Petitioner Snow's present §2241 habeas petition, regardless of how he couches his claims,  to simply be another attempt to attack his conviction and life sentence, and that such claims must be raised in a §2255 motion.   Even though Petitioner already filed two  § 2255 motions, on October 7, 1998 and April 27, 2004, and even though the U.S. District Court for the Eastern District of Michigan denied his first §2255 motion and transferred his second §2255 motion to the Sixth Circuit since Petitioner did not have authorization to file it, Petitioner must obtain permission from the Sixth Circuit under §2244(b)(3) to file another §2255 motion with the U.S. District Court for the Eastern District of Michigan in order to have his present claims addressed on their merits. In fact, as indicated above, Petitioner Snow was advised by the U.S. District Court for the Eastern District of Michigan that his claims, which were largely  the same as his present claims, and his request to redress grievances under the First Amendment, was really a second or successive §2255 motion, and as such, he had to  obtain permission from the Sixth Circuit under §2244(b)(3) to file another §2255 motion. *See U.S. v. Snow*, 2008 1931560 (E.D. Mich. 5-2-08).  Thus, if Petitioner wants his first Amendment constitutional right to petition the government for redress of his grievances regarding his

5

conviction and sentence to be adjudicated on the merits of his claims, as he states he does in his Doc. 6 Affidavit, he must obtain authorization from the Sixth Circuit and then raise his claims in a §2255 motion with U.S. District Court for the Eastern District of Michigan.   In the present case, Petitioner Snow seeks this Court to find that he is actually innocent of his convicted crimes and to direct the BOP to release him from prison due to its incorrect classification of him as having a life-sentence. Petitioner clearly states that he is challenging his conviction and life sentence in his §2241 habeas petition, and that he has a First Amendment right to have this Court adjudicate his claims on their merits.   We likewise construe Petitioner Snow's instant claims raised in his §2241 habeas petition and his request for this Court to allow him to redress his grievances and adjudicate his claims on their merits to be claims attacking his conviction and life sentence which must be raised in a §2255 motion.

Petitioner indicates that he filed two §2255 motions and numerous requests with the Sixth Circuit for permission to file a successive §2255 motion but his requests were denied.   Regardless, Petitioner contends that §2255 is inadequate and ineffective for him to raise his present claims.   We find that Petitioner Snow's present § 2241 habeas petition should be dismissed for lack of jurisdiction. Specifically, we find that § 2255 is an adequate and effective remedy for Petitioner to raise his instant habeas claims challenging the legality of his life prison sentence.   Petitioner could raise all of his present habeas claims in a §2255 motion.   We do not find that Petitioner Snow's claims challenging his federal conviction and life sentence amount to ones that he was convicted of conduct later found to be non-criminal by a change in the law.   Nor do we find that Petitioner Snow's claims involve an intervening change in the substantive law that would negate the criminal nature of his conduct for

which he was convicted and sentenced.  *See Romero, supra; Gardner v. Holt,*  2011 WL 5520447

(M.D. Pa. 9-14-11) adopted by 2011 WL 5520297 (M.D. Pa. 11-14-11); *Winfield v. Bledsoe*, 2011

WL 5509871 (M.D. Pa. 5-31-11) adopted by 2011 WL 5509849 (M.D. Pa. 11-10-11).

Simply because Petitioner Snow's prior §2255 motions were denied and dismissed by the

District Court does not render this motion as inadequate or ineffective for Petitioner to raise his

present claims.  Suffice to say that, based in part on the cited cases of the U.S. District Court for the

Eastern District of Michigan, we find Petitioner Snow's present habeas claims must be raised *via* a

§2255 motion.  *See Romero, supra.*

In *Romero*, 240 Fed.Appx. at 935, the Third Circuit stated:

> Romero's § 2241 petition may not be entertained unless a motion under § 2255
> is "inadequate or ineffective to test the legality of his detention." 28 U.S.C.
> §2255. Previous unsuccessful § 2255 motions are not sufficient to show that a
> §2255 motion is inadequate or ineffective. *Litterio v. Parker,* 369 F.2d 395, 396
> (3d Cir.1966); *see also In re Dorsainvil,* 119 F.3d 245, 251 (3d Cir.1997). Romero
> argues that he should be permitted to seek relief under § 2241 because he is
> actually innocent. However, Romero has not shown actual innocence. On appeal,
> the Court of Appeals for the Second Circuit found that there was sufficient
> evidence against Romero, *see United States v. Romero,* 897 F.2d 47 (2d Cir.1990),
> and Romero has presented no new evidence showing that "no reasonable juror
> would find him guilty beyond a reasonable doubt." *House v. Bell,* 547 U.S. 518,
> 126 S.Ct. 2064, 2077, 165 L.Ed.2d 1 (2006).

We find that Petitioner Snow's claims are not based upon a statutory interpretation that

renders the crimes for which he was convicted not criminal.  Rather, his claims deal with whether his

concurrent federal sentences were proper for the crimes he was convicted of and whether his life

sentence was legal.

Petitioner Snow is trying to collaterally attack his August 1993 federal sentence of life

imprisonment in his instant §2241 habeas petition.  "[A] motion under 28 U.S.C. §2255 is the proper

procedure for a federal prisoner to raise a collateral attack on his or her federal sentence for any error that occurred at or prior to sentencing." *Paulino v. U.S.*, 2010 WL 2545547, *2 (W.D. Pa. 6-21-10) citations omitted). As discussed, we find that Petitioner Snow's present claims fall within the purview of §2255 since they challenge the validity of his stated conviction and sentence. *See Romero, supra; Manna v. Schultz*, 591 F.3d 664 (3d Cir. 2010)(Third Circuit affirmed District Court's dismissal of §2241 habeas petition in which Petitioner claimed that he was innocent of racketeering and related crimes for which he was convicted since §2255 motion was adequate or effective for Petitioner to raise his claims); *Smart v. Kirby*, 2011 WL 264 7945 (3d Cir. 7-7-11)(Court held that claims amounting to attacks on legality of sentence and to obligations that District Court erred in imposing sentence "presumptively . . . may be raised only in a §2255 motion.")(citing, in part, *U.S. Eakman*, 378 F. 3d 294, 297 (3d Cir. 2004))(other citation omitted).

Notwithstanding his filing of prior §2255 motions, we find that § 2255 is an adequate and effective remedy for Petitioner Snow to raise his present claims. *See Hatten v. U.S.* 2011 WL 1752249, *2 (M.D. Pa. 4-8-11) adopted by 2011 WL 175085 (M.D. Pa. 5-9-11). In *Hatten*, the Court stated:

> A § 2255 motion is "inadequate or ineffective" only where a prisoner demonstrates "that some limitation of scope or procedure would prevent a § 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention." *Application of Galante, 437 F.2d 1164, 1165 (3d Cir.1971) (per curiam)* (quoting *United States ex rel. Leguillou v. Davis,* 212 F.2d 681, 684 (3d Cir.1954)). The burden is on the habeas petitioner to allege or demonstrate inadequacy or ineffectiveness. *See id.; Cagle v. Ciccone, 368 F.2d 183, 184 (8th Cir.1966)*. It is the inefficacy of the remedy, not the personal inability of the petitioner to utilize it, that is determinative. *Garris v. Lindsay*, 794 F.2d 722, 727 (D.C.Cir.1986). Courts have consistently held that a prior unsuccessful motion to vacate a sentence does not render the remedy inadequate or ineffective. *In re Vial*, 115 F.3d 1192 (4th Cir.1997) (stating the remedy afforded by § 2255 is not rendered inadequate or

8

> ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion). Moreover, "[§ ]2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." *Cradle v. United States ex rel. Miner*, 290 F.3d 536, 539 (3d Cir.2002).

2011 WL 1752249, *2.

Thus, simply because Petitioner Snow has previously attempted to utilize § 2255, and simply because Petitioner must file a motion to file a successive §2255 motion with the Sixth Circuit Court of Appeals, does not render a §2255 motion as inadequate or ineffective for Petitioner to raise his present claims. *Id*.; *See Romero, supra; Rivera v. Scism*, Civil No. 10-1773, M.D. Pa.; *Blum v Holt*, 2010 WL 2926596 (M.D. Pa. 5-7-10) adopted 2010 WL 2926593 (M.D. Pa. 7-26-10). Petitioner claims, in part, that § 2255 is inadequate or unavailable in light of the fact that he filed numerous §2255 motions since his 1993 conviction "which have been blocked by the time limitation restraint [of the AEDPA]." (Doc. 4, p. 2). However, as the U.S. District Court for the Eastern District of Michigan advised Petitioner, we find that Petitioner can nonetheless file a motion with the Sixth Circuit seeking permission to file a successive §2255 motion to raise his claims. Regardless, Petitioner 's contentions do not render a motion under § 2255 as inadequate or ineffective. *See Hatten v. U.S.* 2011 WL 1752249, *2. *See also Berry v. Lamer*, Civil No. 96-1678, *slip op* at 13-14 (M.D. Pa. April 30, 1997) (Kosik, J.)(finding that existence of two orders from circuit court warning petitioner that no other submission shall be filed or entertained in his case, did not render his remedy by way of Section 2255 motion inadequate or ineffective); *Holland v. Harding*, Civil No. 95-0870, *slip op* at 4 (M.D. Pa. Nov. 21, 1995) (McClure, J.) (holding that entering into a sentencing agreement wherein the right to challenge the conviction or

9

sentence by direct appeal or by Section 2255 motion is waived does not render a Section 2255 motion inadequate or ineffective)*; Belt v. U.S. Dept. of Justice,* 2010 WL 4340411 (M.D. Pa. 10-26-10).

In *Green v. Apker*, 2005 WL 1138478, * 4 (M.D. Pa.), this Court stated that there is "a high bar for what a court will consider a serious constitutional issue sufficient to allow a Petitioner to bring a § 2241 petition to challenge a conviction or sentence." This Court stated that the request for relief under § 2241 must be based on newly discovered evidence or an intervening change in substantive law that would negate the criminal nature of Petitioner's conduct leading to his federal conviction. *Id.*

Based on the above, we find that this Court is without jurisdiction to consider Petitioner Snow's instant §2241 habeas petition. We find that Petitioner's recourse is to file another motion with the Sixth Circuit seeking permission to file a successive §2255 motion with respect to his claims challenging his 1993 conviction and his federal sentence of life imprisonment. Petitioner must seek his relief *via* that vehicle even though he previously filed § 2255 motions.

Thus, we will recommend that the Court summarily dismiss Petitioner Snow's habeas petition under Rule 4 without directing service of it on Respondent since we find that Petitioner's recourse with respect to his present claims is to file a motion with the Sixth Circuit seeking permission to file a successive §2255 motion.

**IV**.  **Recommendation.**

Based upon the foregoing, it is respectfully recommended that Petitioner Snow's Petition for Writ of Habeas Corpus under 28 U.S.C. §2241 **(Doc. 1)** be dismissed, without directing service of it on Respondent, for lack of jurisdiction.   It is also recommended that Petitioner's *in forma pauperis* Motion **(Doc. 2)** be granted solely for the purpose of filing this case.


 **s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: May 22, 2012**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHANDAR A. SNOW,             :        CIVIL ACTION NO. **3:CV-12-0882**
                              :
          Petitioner        :        (Judge Caputo)
                              :
        v.                :        (Magistrate Judge Blewitt)
                              :
B. A. BLEDSOE, WARDEN,    :
                              :
         Respondent     :

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

Report and Recommendation dated **May** 22**, 2012.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings,
> recommendations or report addressing a motion or matter described in
> 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
> disposition of a prisoner case or a habeas corpus petition within fourteen (14)
> days after being served with a copy thereof.  Such party shall file
> with the clerk of court, and serve on the magistrate judge and all
> parties, written objections which shall specifically identify the
> portions of the proposed findings, recommendations or report to which
> objection is made and the basis for such objections.  The briefing
> requirements set forth in Local Rule 72.2 shall apply.  A judge shall
> make a *de novo* determination of those portions of the report or
> specified proposed findings or recommendations to which objection
> is made and may accept, reject, or modify, in whole or in part, the findings
> or recommendations made by the magistrate judge.  The judge, however,
> need conduct a new hearing only in his or her discretion or where
> required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

**s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: May 22, 2012**