**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CHANDAR A. SNOW,  Petitioner,  v.  B.A. BLEDSOE, WARDEN,  Respondent. | CIVIL ACTION NO. 3:12-CV-0882  (JUDGE CAPUTO)  (MAGISTRATE JUDGE BLEWITT) |

## MEMORANDUM

Presently before the Court is Magistrate Judge Blewitt's Report and Recommendation ("R & R") (Doc. 7) to Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) and Petitioner's Motion for Leave to Proceed *in forma pauperis* (Doc. 2). Magistrate Judge Blewitt recommends dismissing Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) for lack of jurisdiction because a motion under 28 U.S.C. § 2255 is his proper remedy. Plaintiff filed timely objections to the R & R. Because Plaintiff's claims fall within the purview of § 2255, as they challenge the validity of his stated conviction and sentence, the R & R will be adopted in its entirety and the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 will be dismissed.

## BACKGROUND

Petitioner Chandar A. Snow is a prisoner at United States Penitentiary-Lewisburg in Lewisburg, Pennsylvania. He is serving a federal sentence, imposed by the United States District Court for the Eastern District of Michigan, for: (1) conspiracy and possession of cocaine base (crack) with intent to distribute in violation of 21 U.S.C. § 846; and (2) knowingly and intentionally causing the killing of Kinzer Hicks while engaged in a conspiracy to distribute cocaine in violation of 21 U.S.C. § 846 and 21 U.S.C. § 848(e)(1)(a). (Doc. 1-1 at 8). Snow is currently serving a life sentence for these convictions. On May 11, 2012, Snow filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) His Petition is based on his alleged innocence, double jeopardy issues, and his desire to have his claims adjudicated on the merits. (*Id.* at 2.) Snow represents that he has previously

filed unsuccessful habeas corpus petitions under 28 U.S.C. § 2255.  (*Id.* at 4.)

Magistrate Judge Blewitt reviewed the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]  Snow argues that his Petition may proceed under Section 2241 because in addition to challenging his conviction and the legality of his detention, he is bringing forth a First Amendment claim to petition the government for redress of his grievances.  (Doc. 1 at 2, 4.)  He further argues that his Petition should be considered under Section 2241 because it triggers Section 2255's "savings clause" provision allowing him to opt for relief under Section 2241.  (Doc. 1 at 4.)  The Magistrate Judge determined that neither of these arguments were valid and recommended that the petition be dismissed for a lack of jurisdiction.  (Doc. 7.)  Snow filed an objection to the R & R on June 8, 2012.  (Doc. 8.)  Snow's Objections to the R & R are now ripe for review.

## DISCUSSION

**I. Legal Standard for Reviewing a Report and Recommendation**

Where objections to the Magistrate Judge's report are filed, the court must conduct a *de novo* review of the contested portions of the report, *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(c)), provided the objections are both timely and specific, *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir. 1984).  In making its *de novo* review, the court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993).  Although the review is *de novo*, the statute permits the court to rely on the recommendations of the magistrate judge to the extent it deems proper.  *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994).  Uncontested

---

[1] Rule 4 provides, in relevant part, that: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Goney*, 749 F.2d at 7. At the very least, the court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376–77 (M.D. Pa. 1998). As such, the Court reviews the portions of the R & R to which the petitioner objects *de novo*. The remainder of the R & R is reviewed for clear error.

## II. Analysis

In pertinent part, Snow objects to Magistrate Judge Blewitt's determination that his Petition cannot proceed as a habeas petition under 28 U.S.C. § 2241.

### A. Proceeding Directly Under 28 U.S.C. § 2241

Snow argues that his Petition may proceed directly under Section 2241 because in addition to challenging his conviction and the legality of his detention, he is bringing forth a First Amendment claim to petition the government for redress of his grievances. (Doc. 1 at 2, 4.) While "[m]otions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution," *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002), it is true that "federal prisoners challenging some aspect of the *execution* of their sentence, such as denial of parole, may proceed under Section 2241," *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001) (emphasis added). "Habeas corpus is the proper remedy if a petition does not attack the federal sentence itself, in which case the petitioner need not file a motion in the sentencing court under 28 U.S.C.A. § 2255, since the remedy by motion is inadequate or ineffective to test the legality of the petitioner's detention." 16A Fed. Proc., L. Ed. § 41:144. Although evaluated on a case-by-case basis, challenges to the execution of a sentence in the Third Circuit are not triggered by "garden variety" adjustments in the administration of a sentence, but instead require changes that have a "qualitative difference" on the execution of a sentence, such as being moved from a penal institution to a halfway house. *McGee v. Martinez*, 627 F.3d 933, 936 (3d Cir. 2010) (citing *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 243 (3d Cir. 2005)).

By his own admission, Snow is challenging his conviction and seeks to have this Court adjudicate the merits of his claim. Although the First Amendment provides prisoners with the right to petition the government for redress of their grievances, Snow does not allege that anyone, let alone prison officials, has deprived him of access to the courts or a reasonably adequate opportunity to challenge his sentence. It is clear that Snow is challenging the execution of his sentence only insofar as it is predicated on an allegedly invalid conviction. His challenge is not limited to the execution to the sentence, and to allow it to proceed as such would eviscerate any distinction between challenges to the imposition of sentences and challenges to the execution of those sentences. Therefore, Snow's Petition was properly construed by the Magistrate Judge as one challenging his conviction and sentence and not originally falling within the domain of Section 2241.

**B.     Requirements Imposed by 28 U.S.C. § 2255**

Magistrate Judge Blewitt was also correct in determining that Snow's petition could not proceed under Section 2241 by triggering the "savings clause" provision of Section 2255. As an initial matter, Section 2255 is "the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir.2002). Therefore, in order to secure relief under Section 2241, it must be the case "that the remedy by [Section 2255] is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). This language within Section 2255 is commonly referred to as § 2255's "savings clause." *Brown v. Mendez*, 167 F.Supp.2d 723, 726 n. 6 (M.D. Pa. 2001).

The purpose of allowing petitions to proceed under Section 2241 where a Section 2255 operation would be inadequate or ineffective is to "ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." *Cradle v. United States ex rel. Miner*, 290 F.3d 536, 539 (3d Cir. 2002). The aim being to ensure that "the habeas corpus remedy shall remain open to afford the necessary hearing." *United States v. Hayman*, 342 U.S. 205, 223 (1952). Of course, "unless a § 2255 motion would be 'inadequate or ineffective,' a habeas corpus petition under § 2241 cannot be

entertained by the court." *Cradle*, 290 F.3d at 538.

In order for a Section 2255 motion to be inadequate or ineffective, the petitioner must demonstrate "that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." *Id.* at 538. The determinative factor is the "inefficacy of the remedy," rather than the petitioner's "personal inability to use it." *Id.* at 538-39 (citing *Garris v. Lindsay*, 794 F.2d 722, 727 (D.C. Cir.1986)). Specifically, "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." *Id.* at 539. Instead, to establish inadequacy or ineffectiveness, the petitioner must show something akin to an intervening change in the law or other extraordinary circumstances. *Id.* While the nature of such "rare circumstances" have not been fully elaborated, *Marmolejos v. Holder*, 358 Fed. Appx. 289, 290 (3d Cir. 2009), examples in the Third Circuit appear limited to instances where "an intervening change in substantive law has potentially made the conduct for which the petitioner was convicted non-criminal." *Robinson v. Bledsoe*, No. 11–4491, 2012 WL 812355 at *1 (3d Cir. Mar. 13, 2012) (per curiam) (citing *In re Dorsainvil*, 119 F.3d 245, 248 (3d Cir. 1997)).

Here, Snow offers no such extraordinary circumstances triggering the savings clause of Section 2255. He merely acknowledges that Section 2255 "is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision" and recounts that he has previously filed unsuccessful petitions under Section 2255. (Doc. 1 at 4.) As explained above, a failure to secure relief or to meet the one-year statute of limitations is insufficient to trigger a habeas claim under Section 2241, and I agree with the Magistrate Judge that Snow has failed to meet his burden. Further, I find that leave to amend on this issue would be futile as Snow has already considered whether Section 2255 would be ineffective or inadequate and has presented no sufficient reasons that it would be. Therefore, I will adopt Magistrate Judge Blewitt's R&R that Snow has failed to make the requisite showing on this matter and will dismiss the Petition for lack of jurisdiction.

## **CONCLUSION**

As Snow's Section 2241 Habeas Petition challenges his conviction, it is not the type that can be originally brought under 28 U.S.C. § 2241.  Instead, as the sort which must be brought pursuant to 28 U.S.C. § 2255, Snow must therefore demonstrate that Section 2255 would be inadequate or ineffective to test the legality of his conviction or sentence in order to then proceed under Section 2241.  Snow has failed to meet this burden.  As such, I will adopt Magistrate Judge Blewitt's R&R in its entirety.  Snow's Section 2241 Habeas Petition will be dismissed for lack of jurisdiction and his Motion for Leave to Proceed *in forma pauperis* will be granted solely for the purpose of filing this case.  An appropriate order follows.


September 18, 2012　　　　　　　　　　　　/s/ A. Richard Caputo
Date　　　　　　　　　　　　　　　　　　　　A. Richard Caputo
　　　　　　　　　　　　　　　　　　　　　　United States District Judge